

March 20, 2008

The Honorable Richard L. "Rick" Hardcastle
Chair, Committee on Energy Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0610

Re: Whether a state agency must use an average of 100 Mcf per day of natural gas in order to qualify for the exemption provided by section 104.202 of the Utilities Code (RQ-0617-GA)

Dear Representative Hardcastle:

You ask whether a state agency must use an annual average of 100 Mcf[1] of natural gas per day in order to qualify for the exemption provided in section 104.202 of the Texas Utilities Code, and, in addition, whether annual average usage is to be calculated per agency or per site.[2]

In 1983, the Legislature enacted the Gas Utility Regulatory Act ("GURA"), now codified as subtitle A of title 3 of the Utilities Code. Act of May 5, 1983, 68th Leg., R.S., ch. 263, § 20, 1983 Tex. Gen. Laws 1188. Chapter 104 thereof relates to calculation of "rates and services," and subchapter E of chapter 104 describes "rates for governmental entities." Legislation, adopted in 1993, added section 104.202, which provides, in relevant part, that "[t]he rates that a gas utility or municipally owned utility charges a state agency may not include an amount representing a gross receipts assessment, regulatory assessment, or similar expense of the utility." Act of May 30, 1993, 73d Leg., R.S., ch. 660, § 4, 1993 Tex. Gen. Laws 2447, 2448–49; TEX. UTIL. CODE ANN. § 104.202(a) (Vernon 2007). The same bill added a definition of the term "state agency." "State agency" is defined for purposes of the GURA as having "the meaning assigned by Section 572.002,[3]

---

[1]Mcf is an abbreviation for 1000 cubic feet. THE NEW OXFORD AMERICAN DICTIONARY 1058 (2001). Therefore, 100 Mcf equals 100,000 cubic feet.

[2]Letter from Honorable Richard L. "Rick" Hardcastle, Chair, Committee on Energy Resources, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Aug. 22, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[3]Section 572.002 defines "state agency" in the usual sense, as:

    (A)  a department, commission, board, office, or other agency that:

        (i)   is in the executive branch of state government;

(continued...)

Government Code, to the extent that the state agency must obtain the approval described by Section 31.401(a), Natural Resources Code." TEX. UTIL. CODE ANN. § 101.003(15) (Vernon 2007) (emphasis added)[4]. Thus, the "to the extent" language modifies the definition of "state agency" found in section 572.002 of the Government Code.

Section 31.401(a) of the Natural Resources Code declares that "[t]he land office[5] shall review and must approve any contract entered into by a state agency for the acquisition of an annual average of 100 MCF per day or more of natural gas used to meet its energy requirements." TEX. NAT. RES. CODE ANN. § 31.401(a) (Vernon 2001). *See also* 31 TEX. ADMIN. CODE § 8.4 (2008) (Gen. Land Office, Review Criteria for All Contracts) ("GLO will review all new and existing contracts entered into by a state agency for the acquisition of an average volume of 100 Mcf . . . or more per day of natural gas, calculated on an annual basis, to ensure that the agency is using natural gas produced from state lands for the production of energy to the greatest extent practical."). With the caveat of section 31.041(a) in mind, a "state agency," for present purposes, is one that is within the generally understood meaning of the term, *but only if the agency* contracts for the acquisition of an annual average of 100 Mcf of natural gas.

You first ask whether "a state agency [must] use an annual average of 100 Mcf per day or more of natural gas to meet its energy requirements in order to qualify for the exemption found" in section 104.202 of the Texas Utilities Code. Request Letter, *supra* note 2, at 2. In construing statutes, we strive "to determine and give effect to the Legislature's intent." *In re Energy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)). In order to ascertain that intent, we look to the "plain and common meaning of the statute's words." *Id.* (quoting *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002)). "When a statute's meaning is unambiguous, we interpret that statute according to its plain language." *Id.* The plain language of the relevant statutes, as we indicated in the previous paragraph, demonstrates that a "state agency" for purposes of section 104.202(a) of the GURA is an agency that (1) is within the executive branch of state government; (2) exercises statewide jurisdiction; and (3) was created by statute or by the Texas Constitution. That definition is, however, applicable to an agency *only to the extent that it enters into a contract to acquire an annual average of at least 100 Mcf per day of natural gas to meet its energy requirements.* Thus, for example, an entity that enters into two

---

[3](...continued)

     (ii)   has authority that is not limited to a geographical portion of the state; and

     (iii)   was created by the Texas Constitution or a statute of this state.

TEX. GOV'T CODE ANN. § 572.002(10) (Vernon Supp. 2007).

[4]Subsection 104.202(b) of GURA declares that "[a]n expense under Subsection (a) that is reasonable and is not recovered from a state agency under this section may be recovered from other customers of the gas utility or municipally owned utility." As a result, if the state agency is entitled to the discounts of subsection (a), the cost to the gas utility may be passed along to private consumers.

[5]"Land office" means "the General Land Office." TEX. NAT. RES. CODE ANN. § 31.001(3) (Vernon 2001).

contracts, one for at least an annual average of 100 Mcf per day of natural gas and another for less than an annual average of 100 Mcf per day, is a "state agency" for purposes of the first contract but it is not a "state agency" for purposes of the second contract. The basis for the calculation is therefore *not* annual usage; rather, it is the specific amount for which the entity has contracted.

Even if sections 101.003(15) and 104.202 of the Utilities Code were deemed to be ambiguous, their legislative history supports our conclusion. The same bill adopted the predecessors to both provisions, and they were added to the bill by a single floor amendment. *See* Act of May 30, 1993, 73d Leg., R.S., ch. 660, 1993 Tex. Gen. Laws 2447 (Senate Bill 83), H.J. of Tex., 73d Leg., R.S. 3550 (1993) (amendment to Senate Bill 83). Thus, the section 101.003(15) definition of state agency was intended to apply to section 104.202. Consequently, in answer to your first question, we conclude that, in order to qualify for the exemption in section 104.202 of the Utilities Code, a state agency must contract to acquire "an annual average of 100 Mcf per day or more of natural gas" that is used to meet its energy requirements. *See* TEX. UTIL. CODE ANN. §§ 101.003(15), 104.202 (Vernon 2007); TEX. NAT. RES. CODE ANN. § 31.401(a) (Vernon 2001); TEX. GOV'T CODE ANN. § 572.002(10) (Vernon Supp. 2007). We emphasize again that it is not the amount of natural gas used by a state agency that is significant, but rather the amount that the agency, as statutorily defined, has contracted for.

We note that a brief submitted to this office argues that "[d]ue to the absence of evidence of legislative intent to require a state agency to use an annual average of at least 100 Mcf per day in order to qualify for the expense exemption found in GURA section 104.202, it is unreasonable for smaller gas volume consuming agencies to be excluded from such expense exemption."[6] While we empathize with this reasoning, we believe that it belies the plain language of section 104.202(a) of GURA. As we have indicated, both section 101.003(15) and section 104.202 of GURA were added by a single floor amendment. That floor amendment indicates that it was *in fact* the intent of the Legislature to enact those provisions. And, as we have previously observed, the combination of plain language and legislative intent mandates that we construe the statute as written.[7]

---

[6]*See* Brief from Larry C. Buch, Public Agency Representation Section of the Consumer Protection and Public Health Division of the Office of Attorney General, to Opinion Committee, Office of the Attorney General, at 8 (Oct. 8, 2007) (on file with the Opinion Committee) [hereinafter CPPHD Brief]. The CPPHD represents state agencies in utilities matters.

[7]We also note that representatives of three energy companies originally submitted briefs arguing that a state agency must use an annual average of 100 Mcf per day or more to meet its energy requirements in order to qualify for the exemption found in section 104.202 of GURA. *See* Brief from Dane McKaughan, Attorney for Texas Gas Service Company, to Honorable Greg Abbott, Attorney General of Texas (Oct. 4, 2007); Brief from Louis P. Gregory, Senior Vice President and General Counsel, Atmos Energy, to Honorable Greg Abbott, Attorney General of Texas (Oct. 4, 2007); Brief from Andrew M. Taylor, Attorney for CenterPoint Energy Resources, to Honorable Greg Abbott, Attorney General of Texas (Oct. 12, 2007). These briefs incorrectly argue that it is the amount that a state agency uses, rather than the amount it contracts for, that resolves the first question. Interestingly, a subsequent brief submitted by all three of these attorneys, or their representatives, agrees entirely with our analysis of the first question. *See* Brief from Dane McKaughan, on behalf of Texas Gas Service Co., Douglas Walther, on behalf of Atmos Energy, and Andrew M. Taylor, on behalf of CenterPoint Energy Resources, to Honorable Greg Abbott, Attorney General of Texas (Jan. 25, 2008). (All briefs on file with the Opinion Committee.)

We recognize that the conclusion we reach here may be counter-intuitive. As we have earlier noted, the CPPHD brief makes a strong case that the Legislature simply could not have intended the result we reach here. *See* CPPHD Brief, *supra* note 6, at 8. But all the evidence points in the opposite direction: this was indeed the intent of the Legislature. The Attorney General does not, of course, enact the law: that function is reserved to the Legislature. And it is thus the responsibility of the Legislature, if it wishes to do so, to amend this law to make it more compatible with common sense.

You next ask whether, "for state agencies having facilities in more than one geographical location[,] the calculation of annual average usage . . . include[s] only natural gas provided to a single service site," or whether "the calculation include[s] the aggregate usage by an 'agency' at multiple, geographically separate locations." Request Letter, *supra* note 2, at 2. As we noted in answer to your first question, a "state agency" for purposes of section 104.202(a) of the GURA is an agency that (1) is within the executive branch of state government; (2) exercises statewide jurisdiction; and (3) was created by statute or by the Texas Constitution. That definition is limited, however, to agencies that contract to acquire an annual average of at least 100 Mcf per day of natural gas to meet its energy requirements. Because the required calculation is not the amount actually used by a state agency, but the amount it has contracted for, "the aggregate usage by an 'agency' at multiple, geographically separate locations" is irrelevant. Accordingly, we need not address your second question.

We conclude that, in order to qualify for the exemption in section 104.202 of the Utilities Code, a state agency must contract to acquire an annual average of 100 Mcf per day or more of natural gas to meet its energy requirements.

## S U M M A R Y

In order to qualify for the exemption in section 104.202 of the Utilities Code, a state agency, as statutorily defined, must contract to acquire an annual average of 100 Mcf per day or more of natural gas to meet its energy requirements.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee